# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-16-189-F |
| | ) |
| AMBER LINN PERKINS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On July 23, 2020, the court entered an order dismissing without prejudice defendant, Amber Linn Perkins' "Motion for Compassionate Release Pursuant [to] [1]8 U.S.C. § 3582(c)(1)(A)[i] Due to the Covid-19 Pandemic." *See*, doc. no. 109. The court determined that it lacked jurisdiction to grant defendant a sentence reduction under § 3582(c)(1)(A)(i) because defendant had not demonstrated that she had complied with the statute's exhaustion or 30-day requirement prior to filing her motion.

Presently before the court is defendant's request for reconsideration of the court's order. Doc. no. 110. Defendant maintains that "[d]ependence on the [Bureau of Prisons] to determine the existence of an extraordinary and compelling reason is contrary to the new amendments made by the Sentencing Commission and Congress under the First Step Act." Doc. no. 110, at pp. 1-2. According to defendant, "the amended [§] 3582(c)(1)[A](i) vests courts with independent discretion, under the catch all provision, to determine whether extraordinary or compelling reasons [exist] to reduce a sentence." *Id*. at p. 2. Therefore, defendant requests the court to

reconsider its decision dismissing without prejudice her motion.  Defendant also requests the appointment of counsel to assist her in obtaining appropriate medical documentation for the court.  The court denies both requests.

Federal courts "lack jurisdiction to modify a term of imprisonment once it has been imposed," except where a modification is "statutorily authorized."  United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013).  Section 3582(c)(1)(A)(i) of Title 18 of the United States Code authorizes the court, "upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*," to reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

As stated in the July 23, 2020 order, the court lacks jurisdiction to grant defendant a sentence reduction under § 3582(c)(1)(A)(i) because she did not first demonstrate compliance with the statute's exhaustion or 30-day requirement.  This court has previously ruled that the requirement is jurisdictional and may not be waived.  *See*, United States v. Heffel, No. CR-16-174-F, Order filed April 24, 2020 (doc. no. 42).  Defendant's cited authority does not persuade the court to change its prior position.[1]

As to defendant's request for appointment of counsel, the court finds the request should be denied.  There is no constitutional right to counsel beyond the

---

[1] Section 571.61 of Title 28 of the Code of Federal Regulations outlines the procedure for initiation of a request for a motion under 18 U.S.C. § 3582(c)(1)(A)(i).  These requirements are also laid out by the Bureau of Prisons in Program Statement 5050.50.

2

direct appeal of a criminal conviction.  *See*, Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).  And no right to counsel extends to a § 3582(c) motion for reduction of sentence.  *See*, United States v. Campos, 630 Fed. Appx. 813, 816 (10th Cir. 2015); United States v. Olden, 296 Fed. Appx. 671, 674 (10th Cir. 2008) (unpublished decisions cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  Although the district court has discretion to appoint counsel, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001), the court declines to do so.  Defendant should be able to obtain any medical documentation she believes necessary for the filing of a § 3582(c)(1)(A)(i) motion, once she has complied with the exhaustion or 30-day requirement.

Accordingly, defendant, Amber Linn Perkins' "Request for ReConsideration of an Order Denying her Motion for Compassionate Release due to failing to Exhaust the Administrative Remedy Process" (doc. no. 110), filed August 3, 2020, is **DENIED**.

IT IS SO ORDERED this 7th day of August, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0189p022 (Perkins).docx